**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

|  |  |
|---|---|
| In Re Subpoena to Nigel Stevens <br><br> Bold Limited and Bold LLC, <br><br>　　　　　Plaintiffs, <br><br> v. <br><br> Rocket Resume, Inc., and Stephen Zimmerman, <br><br>　　　　　Defendants. | Case No. __ <br><br> Underlying Litigation: <br> No. 5:22-cv-1045-BLF-SVK <br> in the United States District Court <br> for the Northern District of California |

**BOLD LIMITED AND BOLD LLC'S
BRIEF IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE
WHY NIGEL STEVENS SHOULD NOT BE HELD IN CONTEMPT**

I.　**INTRODUCTION**

　　Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, Bold Limited and Bold LLC ("Bold") respectfully seek an order that Nigel Stevens ("Stevens") show cause why he should not be held in civil contempt for failure to obey the subpoenas dated October 9, 2023 (the "Amended Subpoenas," attached hereto as Exhibit A) in the underlying action pending in the Northern District of California, *Bold Limited and Bold LLC v. Rocket Resume, Inc. and Stephen Zimmerman*, Case No. 5:22-cv-1045-BLF-SVK (N.D. Cal.) (the "California Litigation") or, in the alternative, an order compelling Stevens' compliance with the Amended Subpoenas.

　　This matter arises out of Stevens' failure to comply with a document subpoena issued by the United States District Court for the District of Northern California in connection with the California Litigation. The underlying action in the California Litigation alleges Defendants Rocket Resume, Inc. and Stephen Zimmerman (together, "Defendants") copied Bold's copyrighted works and used them to improperly leapfrog product development to compete with Bold's

"MyPerfectResume" ("MPR") website. Stevens—a former Bold employee—was identified in documents produced by Defendants in connection with Defendants' development of Rocket Resume's website and business and in the context of Stevens' prior work at Bold.

After unsuccessfully attempting personal service in September and October, Bold effectuated service of the Amended Subpoenas on October 9, 2023 by leaving copies of the subpoenas with Stevens' father who was currently residing at Stevens' residence, FedExing copies of the same to Stevens' address, and emailing Stevens electronic copies of the subpoenas. However, Stevens has thus far refused to acknowledge the Amended Subpoenas or Bold's outreach. Stevens' continued unwillingness to respond to the subpoenas and provide the requested information, despite Bold's meet-and-confer efforts, led to this motion.

## II. BACKGROUND

### A. The Underlying Action

The Underlying Action is a copyright infringement case based on Defendants' flagrant (and wholesale) copying of original works authored by Bold and used in connection with Bold's MPR website. *See generally* Ex. B. Bold designed, authored, owns and operates MPR, an online service available at www.myperfectresume.com, that has helped millions of people guide their careers, including creating resumes and cover letters, navigating their job searches, and providing interview and career guidance. *Id.* ¶¶ 11–12. Bold organizes its original job descriptions in a database, with which the MPR website interacts based on user input. *Id.* ¶ 17. Bold refers to this database as its Text Tuner Content ("TTC"). *Id.* Bold Limited registered the 2018 version of its TTC with the U.S. Copyright Office (TX0008919525), and it has registered annual updates to the TTC for 2019 (TX0008919529) and 2020 (TX0008919521). *Id.*

In early 2020, Bold discovered that www.rocket-resume.com (the "Rocket Resume Website") was nearly identical to its MPR website. *Id.* ¶ 24. The Rocket Resume Website incorporated a substantial number of the original job-task descriptions from the MPR website, an identical flow of steps for resume creation, and an identical pricing model. *See id.* ¶¶ 24–27. And it had a very similar look, color scheme, and design. *Id.* ¶ 24.

On May 19, 2021, Bold sent a letter to Mr. Zimmerman, identifying the evidence that the Rocket Resume Website copied information from the MPR website, and demanded that Defendants immediately discontinue all copying and use of information from the MPR website. *Id.* ¶ 27.  On June 4, 2021, counsel for Rocket Resume represented that the examples of copied material Bold identified were no longer active on the Rocket Resume Website.  *Id.* ¶ 28.  On November 16, 2021, however, Bold sent another demand letter because the Rocket Resume Website still contained uncontroverted evidence of MPR text that was willfully copied and reproduced.  *Id.* ¶¶ 29–31.

Among the copied information that still appeared on the Rocket Resume Website were nonsensical narratives for made-up job descriptions that Bold intentionally included in its TTC for purposes of proof in the event that Bold's TTC database were copied.  *Id.* ¶¶ 30–31.  The existence of the nonsensical content on the Rocket Resume website, along with the significant amount of jobs and job descriptions from Bold's TTC, indicates that Defendants used automated means to steal information from the MPR website because the copyrighted job descriptions from Bold's TTC database can only be accessed legitimately through the MPR website one job title at a time. *Id.* ¶¶ 19, 30–31.

On December 17, 2021, Bold's outside counsel sent another letter again notifying Defendants of Bold's concerns and demanding that they immediately and permanently cease and desist from all use of unlawful copies of Bold's works.  *Id.* ¶ 32.  Defendants failed to provide the requested assurances and refused to cease their infringing activity, precipitating the Underlying Action.  *Id.*

B. <u>The Present Dispute</u>

Defendants' June 16, 2023 document production in the California Litigation disclosed a communication between Mr. Zimmerman, a defendant in the California Litigation, and another individual discussing their pursuit of Stevens for his advice in connection with Rocket Resume business.  Victorson Decl. ¶ 7.  Stevens worked as a marketing analyst for LiveCareer—a Bold website—from April 2014 to June 2015.  *See* Exs. C, D.

Because Stevens may be in possession of discovery highly relevant to the issues in the California Litigation, Bold issued and attempted personal service of subpoenas for documents and testimony from Stevens on September 15, 2023. Ex. E. The process server was informed by Stevens' father that Stevens was out of the country. Ex. F. Twenty-four days later, after Bold had not heard from Stevens, Bold issued Amended Subpoenas with refreshed dates on October 9, 2023. Ex. A. Bold attempted personal service of the Amended Subpoenas on October 9, 2023, but Stevens was still not at his residence. *See* Ex. G. Accordingly, Bold effectuated service of the Amended Subpoenas by leaving a copy of the subpoenas with Stevens' father at Stevens' home, by mailing a copy of the subpoena via FedEx to Stevens' residence, and by emailing a copy of the Amended Subpoenas to Stevens. *Id.*; Ex. H; Ex. I; *see also Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, No. CV-20-00446-PHX-MTL, 2022 WL 204413, at *2 (D. Ariz. Jan. 24, 2022) (finding service effective "by means of: (1) overnight FedEx/UPS to his confirmed residential address in Houston, Texas; and (2) email to his personal email address").

Stevens failed to respond in any way. Victorson Decl. ¶ 13. He did not serve any objection or response to the originally issued or amended subpoenas. He did not provide any of the requested documents or show up for a deposition. Even though Bold's email to Stevens encouraged him to respond and stated that Bold was willing to compromise and even forego his deposition if he was willing to cooperate and willingly provide documents, *see* Ex. I, Stevens still did not respond.

### III.     LEGAL STANDARD

The court for the district where compliance is required has jurisdiction to enforce subpoenas. Fed. R. Civ. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). "Pursuant to Federal Rule of Civil Procedure 45(a)(2)(c), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection." *Hughes v. Friedman*, No. CV-12-697-PHX-GMS, 2013 WL 93177, at *2 (D. Ariz. Jan. 8, 2013) "Because a subpoena is a court order, recipients must comply with the subpoena unless they raise a proper (and successful) challenge." *Wagle v. Corizon*, No. 2:19-CV-13787, 2022 WL 16935215, at *2 (E.D. Mich. Nov. 14, 2022) (citing 9 Moore's Federal Practice

§ 45.62(2)(b) (Matthew Bender 3d ed. 2022)); *see Martinez v. City of Pittsburg*, No. C 11-01017 SBA LB, 2012 WL 699462, at *2 (N.D. Cal. Mar. 1, 2012).

This Court has found that Rule 45 "does not require personal service," but rather "permits any method of service reasonably calculated under all the circumstances to ensure that [the recipient] receives notice of the subpoena and that [the recipient], or attorneys representing him, have the opportunity to file an objection or motion to quash." *Meridian*, 2022 WL 204413, at *2 (internal quotation omitted); *see also Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140-PHX-DWL, 2019 WL 3208114, at *3 (D. Ariz. July 16, 2019) (allowing service under Rule 45 by means of "(1) overnight FedEx to his (perhaps outdated) personal address . . .; (2) overnight FedEx to his office . . .; (3) email to his personal email address; and (4) email to his . . . counsel.").

A nonparty who receives a subpoena must send objections before the time for compliance or within fourteen days after the subpoena is served, whichever is earlier. Fed. R. Civ. P. 45(d)(2)(B); *see Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2014 WL 12526314, at *1 (D. Ariz. July 22, 2014). Alternatively, a non-party may move to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3).

When a nonparty fails to substantively respond to or file a motion to quash a subpoena, the serving party may move the compliance court for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). However, "generally, the appropriate way in which to enforce compliance with subpoenas" is "[a] contempt proceeding." *Jones v. Riot Hosp. Grp. LLC*, No. CV-17-04612-PHX-GMS, 2021 WL 424091, at *1 (D. Ariz. Feb. 8, 2021). Indeed, the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *Fid. Nat. Fin., Inc. v. Friedman*, No. CIV03-1222 PHX RCB, 2010 WL 960420, at *6 (D. Ariz. Mar. 15, 2010) (holding that non-party's failure to comply with subpoena warranted an award of sanctions); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("[N]oncompliance may warrant contempt sanctions").

## IV. ARGUMENT

The Court should order Stevens to show cause why he should not be held in civil contempt for his failure to obey the Amended Subpoenas. Because Stevens resides in Yuma, Arizona, this Court may enforce the subpoenas. *See* Fed. R. Civ. P. 45 (d), (g).

As discussed above, the documents and testimony that Bold seeks may be important to its copyright infringement claims and are relevant and proportional to the needs of the case. At issue are relevant documents and information that Plaintiffs are able to obtain only from Stevens, such as any efforts he made to provide information to Defendants in the California Litigation about Bold's business and websites. Stevens' refusal to produce such information—and his refusal to respond to the Amended Subpoenas at all—is improper and unjustified.

Stevens waived his objections by failing to comply, serve objections, or file a motion to quash. *Schoonmaker v. City of Eureka*, No. 17-cv-06749-VC(RMI), 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018) ("Failure to serve timely objections waives all grounds for objection." (quoting *Poturich v. Allstate Ins. Co.*, No. EDCV150081GWKKX, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015))). His failure to substantively respond or engage in any way with Bold, despite Bold's repeated invitations to do so, invited this motion for contempt. *See Martinez*, 2012 WL 699462, at *4; *GREE, Inc. v. Supercell Oy*, No. 21-MC-80069-TSH, 2021 WL 1222487, at *2 (N.D. Cal. Apr. 1, 2021) ("If the recipient fails or refuses to respond to the subpoena, the proponent may first try to negotiate compliance, as by offering to meet and confer, but ultimately, if the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue.").

Accordingly, Stevens' disregard for the subpoenas warrants an order to show cause as to why he should not be held in contempt. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (explaining civil contempt is intended "to coerce [a non-party] into compliance with the court's order"). In the alternative, the Court should issue an order directing Stevens to comply with the subpoenas. *See Schoonmaker*, 2018 WL 5829851, at *1; *see also In re Subpoena to VaughnPerling*, No. 19-mc-00083-CAS(Ex), 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019).

## V. **CONCLUSION**

For the reasons set forth herein, Bold respectfully requests an order requiring Nigel Stevens to show cause why he should not be held in civil contempt for failure to obey Bold's Amended Subpoenas or, in the alternative, an order compelling compliance with the Amended Subpoenas.

Date: November 4, 2023

LATHAM & WATKINS LLP
Respectfully Submitted,

By: /s/ Holly K. Victorson

Holly K. Victorson (*pro hac vice*)
holly.victorson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

Brittany N. Lovejoy (*pro hac vice application forthcoming*)
brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Plaintiffs Bold Limited and Bold LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November, 2023, a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to the following parties via email on November 4, 2023.

L. Kieran Kieckhefer
Lillian J. Mao
Lauren D. Dansey
Christina Myrold
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
kkieckhefer@gibsondunn.com
lmao@gibsondunn.com
ldansey@gibsondunn.com
cmyrold@gibsondunn.com

Ilissa Samplin
Amanda Sadra
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
lsamplin@gibsondunn.com
asadra@gibsondunn.com

Ahmed Eldessouki
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
aeldessouki@gibsondunn.com

Chaka M. Patterson
Alston & Bird LLP
560 Mission Street, Suite 2100
San Francisco, CA 94105
chaka.patterson@alston.com

_____
Holly K. Victorson (*pro hac vice*)
*holly.victorson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

Brittany N. Lovejoy (*pro hac vice application forthcoming*)
*brittany.lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

*Attorneys for Plaintiffs Bold Limited and Bold LLC*